IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY EASLEY,

            Petitioner,                 No. CIV S-07-0629 WBS GGH P

    vs.

STATE OF CALIFORNIA, et al.,

            Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

I.  Introduction

        Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 5, 2005, petitioner pled no contest to violation of Cal. Health & Safety Code § 11377(a), unauthorized possession of a controlled substance.  Respondent's Lodged Document 1.  Petitioner was placed on three years of deferred entry of judgment.  Id. Petitioner violated the terms and conditions of the deferred judgment by not enrolling in counseling within thirty days of July 5, 2005.  Id., lodged doc. # 2.  On June 5, 2006, petitioner was reinstated on deferred entry of judgment.  Id., lodged doc. # 3.

        Respondent moves to dismiss on grounds that petitioner's claims are not exhausted.  For the following reasons, the court recommends that this action be dismissed for lack of jurisdiction or, in the alternative, on grounds that the claims are unexhausted.

1

1  II.  <u>Jurisdiction</u>

2        In footnote 1 of the motion to dismiss, respondent suggests that the court may not

3  have jurisdiction because there is no final judgment.  It is unclear why respondent did not move

4  to dismiss on this ground.  In any event, the court is obligated to sua sponte consider the question

5  of jurisdiction.  <u>Justices of Boston Mun. Court v. Lydon</u>, 466 U.S. 294, 300-02, 104 S.Ct. 1805,

6  1809-1810 (1984).

7        This action was brought pursuant to 28 U.S.C. § 2254(a) which provides, in

8  relevant part, that district courts shall entertain an application for a writ of habeas corpus in

9  behalf of a person in custody pursuant to the judgment of a State court on grounds that he is in

10  custody in violation of the Constitution or laws or treaties of the United States.  Because no

11  judgment was entered by a state court in this action, the court lacks jurisdiction pursuant to 28

12  U.S.C. § 2254.

13        In <u>Caldwell v. Dretke</u>, 429 F.3d 521 (5th Cir. 2006), the Fifth Circuit found that it

14  had jurisdiction to consider habeas corpus petitions brought pursuant to 28 U.S.C. § 2254

15  challenging orders of deferred adjudication.  The Fifth Circuit found that orders of deferred

16  adjudication were "final judgments" under 28 U.S.C. § 2254.

17        "In essence, a deferred adjudication probation order places a defendant on

18  probation while postponing any adjudication of guilt."  <u>Caldwell v. Dretke</u>, 429 F.3d 521 (5th

19  Cir. 2006), <u>cert. denied</u>, <u>Caldwell v. Quarterman</u>, 127 S.Ct. 431 (2006) (statement of Justice

20  Stevens respecting the denial of the petition for writ of certiorari).  "If the defendant successfully

21  completes the term of his probation, the charges against him are dismissed, [citation omitted]; if

22  he violates those terms, he is found guilty and sentenced[.]" <u>Id.</u>

23        In <u>Caldwell</u>, the Fifth Circuit found that although an order of deferred

24  adjudication was not a judgment under Texas law, it was a judgment under federal law.  429 F.3d

25  at 527.

26  /////

1    The Federal Rules of Civil Procedure explicitly state that they are applicable to
     habeas corpus proceedings.  Fed. R. Civ. P. 81. [Footnote omitted.] In addition,
2    the Rules Governing Section 2254 Cases, Rule 11, state that "[t]he Federal Rules
     of Civil Procedure, to the extent that they are not inconsistent with any statutory
3    provisions or these rules, may be applied to a proceeding under these rules."  The
     Federal Rules of Civil Procedure define "judgment" as including "a decree or any
4    order from which an appeal lies."  Fed. R. Civ. P. 54; see also Black's Law
     Dictionary (8th ed. 2004)("The term judgment includes an equitable decree and
5    any order from which an appeal lies.").

6    An appeal lies from both an order of deferred adjudication and an order of straight
     probation.

7

8    429 F.3d at 529.

9          Under California law, a deferred entry of judgment is not a final, appealable

10   judgment.  People v. Mazurette, 24 Cal.4th 789, 794 (2001).  Because a deferred entry of

11   judgment cannot be appealed, it is not a judgment under the rules cited by the Fifth Circuit in

12   Caldwell.

13         In footnote one of the motion to dismiss, respondent suggests that the court may

14   have jurisdiction pursuant to 28 U.S.C. § 2241.  Section 2241 confers jurisdiction on a district

15   court to issue a writ of habeas corpus when a federal or state prisoner establishes that he "is in

16   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

17   2241(a) and (c)(3).  "[T]he general grant of habeas authority in § 2241 is available for challenges

18   by a state prisoner who is not in custody pursuant to a state court judgment–for example, a

19   defendant in pre-trial detention or awaiting extradition."  Stow v. Murashige, 389 F.3d 880, 886

20   (9th Cir. 2004).

21         In the instant case, petitioner is not in pre-trial detention, nor is he awaiting

22   extradition.  This court's research has discovered no case finding jurisdiction pursuant to 28

23   U.S.C. § 2241 in a habeas action brought by a person following a deferred entry of judgment or

24   similar proceeding.  A person challenging a deferred entry of judgment is not "in custody" as is a

25   defendant in pre-trial detention or awaiting extradition.  In the instant case, the charges against

26   petitioner will soon be dismissed so long as he meets the conditions of his plea.  For these

3

1   reasons, the court finds that it does not have jurisdiction pursuant to 28 U.S.C. § 2241.

2          For the reasons discussed above, the court recommends that this action be

3   dismissed for lack of jurisdiction.

4   III.  Exhaustion

5          In the alternative, were the court to have jurisdiction under either § 2241 or §

6   2254, this action should be dismissed based on petitioner's failure to exhaust state court

7   remedies.

8          The exhaustion of state court remedies is a prerequisite to the granting of a

9   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

10  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

11  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

12  providing the highest state court with a full and fair opportunity to consider all claims before

13  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512

14  (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

15         Although there is no exhaustion requirement for a petition brought pursuant to 28

16  U.S.C. § 2241(c)(3), principles of federalism and comity require that the court abstain until all

17  state criminal proceedings are completed and the petitioner exhausts available judicial remedies,

18  unless special circumstances warranting federal intervention prior to a state criminal trial can be

19  found.  See Carden v. Montana, 626 F.2d 82, 83-84 n. 1 (9th Cir. 1980).

20         In the instant case, petitioner filed a notice of appeal with the California Court of

21  Appeal on July 18, 2006.  Respondent's Lodged Document no. 4.  On October 26, 2006, the

22  California Court of Appeal dismissed the appeal because petitioner failed to file an opening brief.

23  Id.

24         Petitioner filed a petition for review with the California Supreme Court.  On

25  December 22, 2006, the California Supreme Court denied petitioner's application for relief from

26  \\\\\

4

1    default for filing a late petition for review.  Id. [1]  The petition for review was returned to

2    petitioner.

3              Petitioner went on to file four habeas corpus petitions in the El Dorado County

4    Superior Court.  Respondent's Lodged Documents nos. 6-13.  Petitioner filed no habeas corpus

5    petitions in the California Supreme Court.

6              If a habeas litigant fails to present his claims to the state court in a procedural

7    context in which the merits of the claims could have been considered, the claims have not been

8    fairly presented to the state courts and are not eligible for federal habeas corpus review.  Castille

9    v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989).

10             As discussed above, a deferred entry of judgment is not appealable.  People v.

11   Mazurette, 24 Cal.4th 789, 794 (2001).  Therefore, to exhaust his claims, petitioner must have

12   presented them to the California Supreme Court in a petition for habeas corpus.  Petitioner did

13   not present his claims in the procedural context in which their merits could be considered by

14   presenting them in a petition for review.

15             In addition, the California Supreme Court did not consider the claims raised in the

16   petition for review because they were not timely filed.  Therefore, even assuming petitioner could

17   have presented his claims on direct appeal, by failing to file a timely petition for review, he also

18   failed to present them in a procedural context in which their merits could be considered.

19             Accordingly, assuming the court has jurisdiction under either § 2254 or § 2241 to

20   consider the merits of petitioner's claims, this action should be dismissed because the claims are

21   not exhausted.

22   \\\\\

23   \\\\\

24

25        [1]  The court cannot locate respondent's lodged document five, which is the docket from
     the California Supreme Court containing this notation.  However, respondent's lodged document
26   four, the docket from the California Court of Appeal, contains this information as well.

5

1        Accordingly, IT IS HEREBY RECOMMENDED that:

2        1.  This action be dismissed for lack of jurisdiction;

3        2.  In the alternative, this action be dismissed because the claims raised are not

4   exhausted and respondent's September 10, 2007, motion to dismiss be granted.

5        These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7   days after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served and filed within ten days after service of the objections.  The parties are advised

11  that failure to file objections within the specified time may waive the right to appeal the District

12  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED: 03/24/08

14                                      /s/ Gregory G. Hollows

15                                      _____

                                        UNITED STATES MAGISTRATE JUDGE

16

17  eas629.157

18

19

20

21

22

23

24

25

26